**J. Henry POLKINHORN, Executor of the Estate of Grace B. Affleck, Deceased,**

and

**John M. Polkinhorn, Trustee of the Testamentary Trust under the Will of Philip G. Affleck, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 2888–66.**

United States District Court
District of Columbia.

Dec. 4, 1968.

W. Barrett McDonnell, Washington, D. C., for plaintiffs.

Daniel L. Penner, Dept. of Justice, Washington, D. C., for defendant.

OPINION

HOLTZOFF, District Judge.

This is an action for a refund of income taxes claimed to have been erroneously assessed and paid. The action involves the interpretation and application of Section 108 of the Internal Revenue Code, 26 U.S.C. § 108.

The case has been submitted to the Court on a stipulation of facts. Philip G. Affleck, who died on January 7, 1947, created a trust estate by his will, under which his wife, Grace B. Affleck, was the life tenant. A part of the estate was a parcel of improved real property in the District of Columbia, encumbered by a mortgage of $27,500. In September 1960, the life tenant and the trustee made a 99-year lease of this property. In addition to paying a rent of $10,000 a year, the lessee by terms of the lease assumed the lessor's obligation of the payment of principal and interest on

the indebtedness, and in case the lessee decided to demolish the building, he was to discharge the entire indebtedness before doing so. In the fall of 1960 the lessee paid off the entire indebtedness of $27,500 and then demolished the building situated on the property. The Internal Revenue Service, claiming that this payment of $27,500 was income to the life tenant, Grace B. Affleck, assessed her in the total amount of $10,112.33, which represented a deficiency in her income tax on the theory that the sum of $27,500 should have been declared as income by her. The deficiency assessment was paid and timely claim for refund was filed. The claim having been rejected, this action was brought in behalf of her estate.

It is contended in behalf of the plaintiff that the item in question is excluded from gross income by the provisions of Section 108 of the Internal Revenue Code, the pertinent provisions of which read as follows:

"Section 108, Income from discharge of indebtedness:

(a) Special rule of exclusion.—No amount shall be included in gross income by reason of the discharge, in whole or in part, within the taxable year, of any indebtedness for which the taxpayer is liable, or subject to which the taxpayer holds property if—

(1) The indebtedness was incurred or assumed—

(A) by a corporation, or

(B) by an individual in connection with property used in his trade or business * * *."

It is argued that the item in question should be excluded from gross income under the provisions of (a), (1), (B), which have just been referred to.

As is frequently the case with tax statutes, the phraseology of this section is somewhat cryptic and obscure, and it must be analyzed with meticulous care in order to determine its meaning. The Court is informed by counsel on both sides that the matter now before the Court is one of novel impression. This Court is of the opinion that Section 108 must be read in connection with Section 61 of the Internal Revenue Code, which enumerates a series of items that must be included in gross income. Item number 12 is "income from discharge of indebtedness". That must necessarily mean that if a person pays an indebtedness at less than its face value, the difference is income to him and should be included in gross income. Section 108, however, excludes such a gain under certain circumstances: one of them is a case in which the taxpayer is a corporation; another that is claimed to be applicable here is, if it is received by an individual in connection with property used in his trade or business.

The type of income to which Section 108 as well as Item 12 of Section 61 refers, is illustrated in Kentucky and Indiana Terminal Railroad Co. v. United States, 330 F.2d 520. In that case, a corporation that had issued bonds payable in pounds sterling, paid off the bonds in an amount in dollars less than the bonds would have called for initially, by reason of the fact that the corporation was able to acquire pounds sterling at a reduced rate. The difference was income, but was held excludable from gross income by virtue of the provisions of a section that was a predecessor of Section 108.

In this case, as is claimed by the Government, the payment made by the lessee of the property was in the nature of additional rent. Clearly, if it had been paid directly to the lessor, it would have been income to the lessor. The mere fact that the lessor might have used the money so received to discharge the amount due on the property would have been immaterial. The circumstance that in order to avoid circuity of action, the arrangement in this case was that the lessee should pay the amount due on the mortgage directly to the mortgagee, does not change the nature of the transaction.

In view of these considerations, the Court reaches the conclusion that the payment of $27,500, being additional rent, was income to the lessor and that

it is not excludable from gross income under Section 108, since Section 108 applies only to cases in which an obligation is discharged at less than its face amount and income thereby results in the amount of the difference.

Accordingly judgment will be rendered in favor of the defendant dismissing the complaint on the merits. A transcript of this oral decision will be treated as the findings of fact and conclusion of law. Counsel may submit a proposed judgment.